699 N.W.2d 839 (2005)
2005 ND 119
In the Matter of the Application for DISCIPLINARY ACTION AGAINST William P. VELA, a Person Admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
William P. Vela, Respondent.
No. 20050173.
Supreme Court of North Dakota.
June 24, 2005.

SUSPENSION ORDERED.
PER CURIAM.
[¶ 1] William P. Vela ("Vela") was admitted to practice as an attorney in North Dakota on December 9, 1983, and his name has appeared on the roll of attorneys since that time. According to the records of the State Board of Law Examiners, Vela has not paid his 2005 license fee and, therefore, he is not currently licensed to practice law in this state. Vela admitted service of a Summons and Petition for Discipline on February 24, 2005.
[¶ 2] Vela did not file an answer to the Petition for Discipline. On April 6, 2005, Disciplinary Counsel filed a Motion for Default Findings and Recommendation. The matter was submitted to the Hearing Panel on the Motion for Default Findings *840 and Recommendation. Vela sent a handwritten letter to the Disciplinary Board on May 2, 2005, objecting to the recommended suspension. The Hearing Panel concluded the letter was insufficient to prevent the entry of judgment, and under N.D.R. Lawyer Discipl. 3.1(E)(2), the charges are deemed admitted because Vela failed to timely file an appropriate answer. On May 18, 2005, the Hearing Panel filed its Findings of Fact, Conclusions of Law and Recommendation under N.D.R. Lawyer Discipl. 3.1(F)(2).
[¶ 3] Vela represented Dorje Lama ("Dorje") in an immigration matter relating to Dorje's request for asylum as a result of his political activity in Tibet. Vela told Dorje to get proof of his political activities, have the documents translated into English and certified. Dorje also told Vela the Nepalese passport he used to enter the United States was fraudulent, and he only used the name Dorje, having added "Lama" because he needed two names to travel.
[¶ 4] On May 14, 2001, Vela represented Dorje at a removal hearing. At the hearing, Vela told the immigration judge Dorje was not present in the United States on a valid passport from Nepal, although Dorje claimed his visa was valid. The immigration judge told Vela she found Dorje to be "removable" and it was up to Vela to make a prima facie showing why Dorje was not subject to removal to Nepal. The immigration judge further told Vela to present any documentation of Dorje's identity five months before the individual hearing on July 2, 2003, to show why Dorje should not be removed to Nepal.
[¶ 5] At the July 2, 2003, hearing, Dorje told the immigration judge his passport from Nepal was fake. The immigration judge asked Vela what evidence there was that the passport was fake. Vela told the immigration judge he had hired a private investigator to get the information, and another five days was needed to get information from the Nepalese government. The immigration judge told Vela he had to file a motion for continuance if he believed there was any material evidence he needed to submit, and to follow the local rule on continuances.
[¶ 6] The immigration judge proceeded with the hearing on the basis of deporting Dorje to Nepal. Vela requested the immigration judge to consider removal to India; the request was denied. Vela then requested to withdraw from the matter because he could not properly represent his client without consideration of removal to India. Vela's motion to withdraw was denied. Vela then informed the immigration judge that Dorje Lama was not his client's actual name, but that his name was simply Dorje  Lama had been added to gain the fake Nepal passport. Dorje was ordered removed to Nepal at the July 2, 2003, hearing.
[¶ 7] Despite being told he would need to prove the Nepal passport was fake, Vela did not obtain the evidence for presentation at the hearing over two years later. Vela asserted the information was developed by a private investigator, but it had not been timely filed fifteen days before the hearing as required by Procedure 3, Timely Filing of Hearing Briefs, Exhibits, and Witness Lists, of the Local Operating Procedures, Immigration Court, San Francisco, California. The immigration judge had also told Vela to file all documents five months before the July 2, 2003, hearing. Vela did not communicate to Dorje, whose English was not good at the time, the need for this information.
[¶ 8] Vela did not reveal Dorje's application for asylum incorrectly identified him as Dorje Lama, which was not his true name. Vela did not correct the inaccuracy *841 prior to the July 2, 2003, hearing, despite local rule requirements that everything of consequence be filed prior to the hearing.
[¶ 9] Dorje paid Vela $4,700 for representation over the years. The fee was not reasonable in light of Vela's failure to communicate with his client, to act diligently in his representation, and to follow the local rules of the immigration court.
[¶ 10] The Hearing Panel concluded Vela's conduct violated N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.5 Fees, 1.16(b), Declining or Terminating Representation; and 3.3, Candor Toward the Tribunal.
[¶ 11] Under N.D. Stds. Imposing Lawyer Sanctions 4.41, disbarment is generally appropriate when: (b) a lawyer knowingly fails to perform services for a client, or (c) engages in a pattern of neglect with respect to client matter, and causes serious or potentially serious injury to a client. Under Standard 4.42, suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client, or (b) engages in a pattern of neglect, and causes injury or potential injury to a client. Under Standard 4.61, disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential serious injury to a client. Under Standard 4.62, suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.
[¶ 12] The Hearing Panel also considered Standard 9.22(c) a pattern of misconduct; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; and (i) substantial experience in the practice of law, as aggravating factors.
[¶ 13] The Hearing Panel recommends that Vela be suspended from the practice of law for one year, pay restitution to his client Dorje in the amount of $4,700, and pay the costs and expenses of the disciplinary proceeding in the amount of $465. The Court considered the matter, and
[¶ 14] ORDERED, the Findings of Fact, Conclusions of Law, and Recommendations of the Hearing Panel are accepted, and William P. Vela is suspended from the practice of law for one year effective when, and if, he pays his 2005 license fee or applies for relicensure after January 1, 2006.
[¶ 15] FURTHER ORDERED, William P. Vela pay restitution to his client, Dorje, in the amount of $4,700.
[¶ 16] FURTHER ORDERED, William P. Vela pay the costs of the disciplinary proceeding in the amount of $465.
[¶ 17] FURTHER ORDERED, William P. Vela comply with N.D.R. Lawyer Discipl. 6.3.
[¶ 18] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ., concur.
[¶ 19] The Honorable Carol Ronning Kapsner was unavoidably absent and did not participate in the decision.