2008 ND 42

In the Matter of the Application for DISCIPLINARY ACTION AGAINST William P. VELA, a Person Admitted to the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

William P. Vela, Respondent.

Nos. 20080031, 20080032.

Supreme Court of North Dakota.

March 17, 2008.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] William P. Vela ("Vela") was admitted to practice as an attorney in North Dakota on December 9, 1983, and his name has appeared on the roll of attorneys since that date. Vela was suspended from the practice of law for one year effective when he paid his 2005 license fee or applied for relicensure after January 1, 2006. *Disciplinary Board v. Vela,* 2005 ND 119, 699 N.W.2d 839. Vela was also ordered to pay restitution in the amount of $4,700 and costs of the disciplinary proceedings in the amount of $465. *Id.* Vela's suspension began on September 23, 2005. *Disciplinary Board v. Vela,* 2005 ND 157, 704 N.W.2d 23. Vela is not currently licensed to practice law.

[¶ 2] Vela admitted service of a Summons, Petition for Discipline, and Notice of Appointment of Hearing Panel on April 5, 2006. Vela filed an Answer resisting the Petition. With approval of the Hearing Panel, Disciplinary Counsel filed an Amended Petition for Discipline. The Amended Petition alleged violations of N.D.R. Prof. Conduct 1.3, Diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R. Prof. Conduct 1.4, Communication, which provides that a lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter, and a lawyer shall explain matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions; N.D.R. Prof. Conduct 1.5, Fees, which provides that a lawyer's fee shall be reasonable; N.D.R. Prof. Conduct 1.15, Safekeeping Property, which provides that property of a client shall be appropriately safeguarded; N.D.R. Prof. Conduct 8.1(a), which provides that a lawyer shall not knowingly make a false statement of material fact; and, N.D.R. Prof. Conduct 8.1(b), Bar Admission and Disciplinary Matters, and N.D.R. Lawyer Discipl. 1.2(A)(8), which provide that a lawyer shall not wilfully fail to respond to a lawful demand for information from a disciplinary authority.

[¶ 3] The Hearing Panel's Findings, Conclusions and Recommendation, and a Stipulation and Consent to Discipline signed by Disciplinary Counsel and Vela were filed on July 23, 2007. In the Stipulation and Consent to Discipline, Vela stipulated that his actions violated N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.15, Safekeeping of Property; 8.1(b) and N.D.R. Lawyer Discipl. 1.2(A)(8), Bar Admissions and Disciplinary Matters. Vela consented to the suspension from the practice of law for six months and one day and to pay costs of the disciplinary proceeding in the amount of $250. The Hearing Panel accepted the Stipulation and Consent to Discipline and recommended the agreed upon sanction.

[¶ 4] The Court considered the matter under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed under N.D.R. Lawyer Discipl. 3.1(F)(2) to the Findings, Conclusions and Recommendation of the Hearing Panel. On August 29, 2007, the Court rejected the Hearing Panel's Report due the inadequacy of the sanction, and the matter was returned to the Hearing Panel.

[¶ 5] On January 31, 2008, the Hearing Panel filed its Findings, Conclusions and Recommendation along with a Stipulation of Facts. In the Stipulation of Facts, Vela stipulated that he was retained to represent Omotayo Diyan ("Diyan") in an immigration matter for which he was paid a $5,000 retainer; he did not complete the work for Diyan nor did he return the unearned retainer; at some time during the matter Diyan was unable to contact Vela; Vela also lost a tape of Diyan's husband's murder which she had given him to use in seeking asylum; and, Vela eventually returned $2,500 to Diyan after formal disciplinary proceedings were instituted against him.

[¶ 6] In the Stipulation of Facts, Vela also stipulated that he represented Sun Daing ("Daing") in an application for asylum in the United States; the application for asylum was denied but Daing was granted voluntary departure; Vela appealed the denial to the Board of Immigration Review; Vela told Daing the appeal would take one to two years and that Vela would notify Daing of the result; after a year, Daing tried unsuccessfully to call Vela; Daing went to Vela's office only to discover that Vela no longer worked there; Daing was given Vela's number and called Vela but did not understand the outcome of his appeal; thereafter, Daing received a letter from Vela, dated March 29, 2005, which was mailed on April 4, 2005, notifying Daing that the Board of Immigration Review upheld the immigration judge and there was nothing more to do; enclosed with the letter from Vela was the Board of Immigration Review decision dated February 14, 2005; the decision notified the parties the Daing was permitted to voluntarily leave the country within 30 days of the order, and if he did not voluntarily leave, he was subject to penalty and was ineligible for certain relief under the Immigration and Nationality Act; and, the delay resulted in Daing losing his opportunity for voluntary departure and an opportunity to file a petition for review with the Ninth Circuit Court of Appeals.

[¶ 7] In the Stipulation of Facts, Vela acknowledged that he was notified that a complaint had been filed against him in both the Diyan and Daing matters and that he had an obligation to respond under N.D.R. Lawyer Discipl. 3.1(D)(3). Vela stipulated that he did not respond to either complaint.

[¶ 8] The Hearing Panel accepted the Stipulation of Facts. The Hearing Panel also found that Vela's previous discipline was an aggravating factor under N.D. Stds. Imposing Lawyer Sanctions 9.22(a). See *Disciplinary Board v. Vela*, 2005 ND

119, 699 N.W.2d 839, and *Disciplinary Board v. Vela*, 2005 ND 157, 704 N.W.2d 23.

[¶ 9] The Hearing Panel concluded that Vela's actions violated N.D.R. Prof. Conduct 1.3, Diligence; N.D.R. Prof. Conduct 1.4, Communication; N.D.R. Prof. Conduct 1.15, Safekeeping Property; and N.D.R. Prof. Conduct 8.1(b), Bar Admission and Disciplinary Matters, and N.D.R. Lawyer Discipl. 1.2(A)(8). The Hearing Panel recommended that Vela be suspended from the practice of law for a period of three years, be required to successfully pass the Multistate Professional Responsibility Examination to North Dakota Standards, and pay costs of the disciplinary proceedings.

[¶ 10] The matter was again referred to the Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed to the Hearing Panel's Findings, Conclusions and Recommendation. The Court considered the matter, and

[¶ 11] ORDERED, the Findings, Conclusions and Recommendation filed by the Hearing Panel on January 31, 2008, are accepted.

[¶ 12] ORDERED, William P. Vela is suspended from the practice of law for three years effective immediately.

[¶ 13] ORDERED, William P. Vela must apply for reinstatement under N.D.R. Lawyer Discipl. 4.5. Before applying for reinstatement, William P. Vela must comply with the requirements set forth in *Disciplinary Board v. Vela*, 2005 ND 119, 699 N.W.2d 839.

[¶ 14] ORDERED, William P. Vela is required to achieve a passing score on the Multistate Professional Responsibility Examination as set by the State Board of Law Examiners before applying for reinstatement.

[¶ 15] ORDERED, William P. Vela pay the costs of this disciplinary proceeding in the amount of $250.

[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.